IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM J. PASSARELLA, | : | CIVIL NO. 3:14-CV-2066 |
| | : | |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| PA DEPARTMENT OF | : | |
| CORRECTIONS, COAL TOWNSHIP | : | |
| RECORDS DEPARTMENT, CLERK | : | |
| OF COURT OF PHILADELPHIA, | : | |
| | : | |
| Defendants | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Presently before the court is a civil rights complaint filed by William J. Passarella ("plaintiff"), a state inmate presently incarcerated at the State Correctional Institution at Mahanoy, Frackville, Pennsylvania. (Doc. 1.) Named as defendants are the Pennsylvania Department of Corrections, the Records Department at the State Correctional Institution at Coal Township, Pennsylvania, and the Clerk of Court of Philadelphia. Plaintiff seeks to proceed *in forma pauperis*. (Doc. 2.) Obligatory preliminary screening reveals that the complaint is subject to dismissal pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) and (iii).

I.  **Standards of Review**

Section 1915(e)(2)(B) states, in pertinent part, "the court shall dismiss the case at any time if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from suit." 28 U.S.C. §1915(e)(2)(B)(i) - (iii). The applicable standard of review

for the failure to state a claim provision is the same as the standard for a motion pursuant to 12(b)(6) of the Federal Rules of Civil Procedure. Rule 12(b)(6) provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When ruling on a Rule 12(b)(6) motion, the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

## II. Allegations of the Complaint

Plaintiff alleges as follows: "I took a plea bargain 15 to 30 months concurrent in Delaware County. I took a plea bargain 3 to 6 years concurrent in Philadelphia County. I was suppose [sic] to do 3 to 6 yrs all together not 4 years 3 months 8 years 6 months.... I won't [sic] money." (Doc. 1, at 2-3).

## III. Discussion

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Thus, § 1983 limits liability to persons who violate constitutional rights. To state a viable § 1983 claim, plaintiff must establish (1) that the alleged wrongful conduct was committed by a "person" acting under color of state law, and (2) that the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Nicini v. Morra, 212 F.3d 798, 806 (3d Cir. 2000). Both elements must be present to sustain a § 1983 action.

It is well-settled that neither a state nor its agencies are considered a "person" as that term is defined under § 1983 and, therefore, are not subject to a § 1983 suit. Hafer v. Melo, 502 U.S. 21, 25-27 (1991). Consequently, plaintiff's claims against the Pennsylvania Department of Corrections and the State Correctional Institution at Coal Township Records Department are barred, as they are not persons within the meaning of 42 U.S.C. § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (holding that a state may not

be sued in federal court pursuant to § 1983, and is not a "person" for purposes of that provision). Moreover, these defendants are entitled to Eleventh Amendment immunity. Lavia v. Pa. Dep't of Corr., 224 F.3d 190, 195 (3d Cir. 2000) (finding that the Pennsylvania Department of Corrections "shares in the Commonwealth's Eleventh Amendment immunity").

As concerns the Clerk of Court of Philadelphia, it is clear from the allegations of the complaint that the Philadelphia County Prothonotary, Clerk of Courts, is being sued for actions taken in connection with official duties. The prothonotary, clerk of courts, however, is immune from suit under the doctrine of absolute judicial immunity, which extends to quasi-judicial officials whose "activities are integrally related to the judicial process and involve the exercise of discretion comparable to that of a judge." See Gonzales v. Clerk of Courts of Berks County, No. 91-2082, 1991 WL 133647 at *2 (E.D.Pa. July 16, 1991) (citing Jodeco Inc. v. Hann, 674 F. Supp. 488, 497 (D.N.J. 1987)).[1] In addition, it has long been recognized that "any public officer acting pursuant to a court directive is also immune from suit." Lockhart v. Hoenstine, 411 F.2d 455, 460 (3d Cir. 1969) (prothonotary, acting pursuant to court directive, was entitle to absolute immunity from § 1983 claim). See also Waits v. McGowan, 516 F.2d 203, 206 (3d Cir. 1975) (finding that ". . . where the defendant

---

[1] Numerous cases have recognized that immunity extends to court personnel such as prothonotaries. See, e.g., Boyce v. Dembe, 47 Fed. App'x. 155, 159 (3d Cir. 2002); Barnes v. Catalde, No. 09–67 Erie, 2009 WL 3769353 at *3 (W.D.Pa. Nov. 10, 2009); Grine v. Colburn's Air Conditioning and Refrigeration, No. 09–11 Erie, 2009 WL 2634179 at *5 (W.D.Pa. Aug. 25, 2009).

is directly involved in the judicial process, he may . . . be covered by the immunity afforded the judge because he is performing a ministerial function at the direction of the judge."). Because the prothonotary, clerk of courts enjoys immunity relative to any actions undertaken in the performance of court-related functions, the claim against this defendant will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

IV.   **Leave to Amend**

"In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave [to amend] sought should, as the rules require, be freely given." Foman v. Davis, 371 U.S. 178, 182 (1962) (interpreting Federal Rules of Civil Procedure); FED. R. CIV. P. 15(a)(2). Based upon the allegations that these defendants are responsible for him being incarcerated beyond his sentence, it is clear that affording plaintiff an opportunity to amend would be futile.

V.   **Conclusion**

For the reasons set forth above, the complaint (Doc. 1) will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) and (iii). An appropriate order will issue.

BY THE COURT:

/s/ JUDGE JAMES M. MUNLEY
United States District Court

Dated: February 6, 2015